# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8558 | DATE | 5/5/2004 |
| CASE TITLE | Covenant Air & Water vs. Cleaner Living, Inc., et. al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, plaintiff's motion for a rule to show cause, finding of contempt, and sanctions [24-1, 24-2] is denied. Enter Memorandum Opinion and Order. Defendants' motion for an extension of time to respond to discovery and extension of briefing schedule is granted [32-1, 32-2]. Defendants to respond to discovery by 5/17/04. Defendants' motion to dismiss [16-1, 16-2] is briefed as follows: response by 6/15/04, reply by 7/6/04. Status hearing set for 8/11/04 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COVENANT AIR & WATER, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 03 C 8558 |
| | ) | |
| CLEANER LIVING, INC.; AQUATIVA | ) | Judge John W. Darrah |
| WATER CENTER OF NEW ORLEANS, INC.; | ) | |
| DOLPHIN WATER OF NEW | ) | |
| ORLEANS, INC.; AHMAD MOUGRABI; | ) | |
| and RAJI MUGRABI, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Covenant Air and Water LLC, filed suit against Defendants, Cleaner Living, Inc.; Aquativa Clean Water Center of New Orleans, Inc.; Dolphin Water of New Orleans, Inc.; Ahmad Mougrabi; and Raji Mugrabi. Plaintiff alleges, among other things, that it terminated its Dealer Agreement with Defendants; but prior to this termination, Defendants placed a number of advertisements in telephone books which used Plaintiff's AQUAtiva trademark. Presently before the Court is Plaintiff's Motion for a Rule to Show Cause, Finding of Contempt, and Sanctions. For the following reasons, Plaintiff's Motion is denied.

## BACKGROUND

On November 25, 2003, Plaintiff filed its Complaint against Defendants and sought a Temporary Restraining Order ("TRO"). On December 2, 2003, the TRO was granted; Defendants did not appear at that hearing.

34

On December 15, 2003, the parties entered into a stipulated preliminary injunction. The preliminary injunction stated, in relevant part, that "Defendants shall disconnect and provide its full consent and cooperation to transfer immediately all telephone numbers formerly used by AQUAtiva™ Clean Water Center of New Orleans, Inc. . . . to Covenant at Defendants' expense."

Defendants claim, however, that they did not agree to pay any outstanding telephone bills. Defendants specifically argue that Plaintiff inserted a provision in its proposed Agreed Preliminary Injunction that would have required Defendants to pay all outstanding telephone balances. Defendants, though, refused to agree to this provision, which was not part of the TRO. The Court also rejected Plaintiff's attempt to impose a preliminary injunction that was broader than the TRO. Therefore, this provision was stricken from the Agreed Preliminary Injunction.

Prior to March 5, 2004, Plaintiff attempted to transfer the telephone numbers at issue for its use; but a representative of Bell South, the telephone company who owns and operates these numbers, informed Plaintiff that Defendants have unpaid balances on each of the telephone numbers. The representative further stated that the numbers cannot be transferred until the balances are paid in full. These balances amount to over $6,500.00.

## ANALYSIS

Defendants argue that: (1) the parties agreed not to include a specific provision requiring Defendants to pay all outstanding balances owed to any telephone company for the telephone numbers at issue prior to their transfer to Plaintiff; and (2) Plaintiff can seek damages for those payments instead of seeking injunctive relief.

Defendants' arguments are persuasive. The specific terms of the Agreed Preliminary Injunction do not clearly and unambiguously obligate Defendants to pay amounts due and owed

2

for previous telephone services, nor can such language in the agreed injunction fairly be read as an expense of transferring the phone numbers to Plaintiff.

In addition, Plaintiff seeks an amount certain, which, if Defendants are liable for payments, would be properly recoverable in an action at law for damages.

## CONCLUSION

Plaintiff's Motion for a Rule to Show Cause, Finding of Contempt, and Sanctions is denied.

Dated: May 5, 2009

JOHN W. DARRAH
United States District Judge

3